# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA,**

**vs.**
　　　　　　　　　　　　　　　　　　　　　　　　　**Case No. 4:92cr4034-WS**
　　　　　　　　　　　　　　　　　　　　　　　　　**Case No.:**

**THOMAS DEWAYNE WHITE,**

　　**Defendant.**

　　　　　　　　　　　　　　　　　　　　　／

## REPORT AND RECOMMENDATION TO DENY LETTER REQUEST

Defendant submitted a letter to the district judge, which has been referred to the undersigned for review. Doc. 86. Defendant alleges he was told, with regard to jail credit, "that my J & C was silent. I guess that meant that you didn't instruct them to award me those jail credits . . . ." Defendant sets forth the dates of his designation to different institutions, including his return to state custody for almost a year. He asks for an award of "the [aforementioned] pre/post trial jail credits towards this sentence."

Section 3585, United States Code, provides:

   (a) **Commencement of sentence.**– A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

   (b) **Credit for prior custody.**– A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–

      (1) as a result of the offense for which the sentence was imposed; or

      (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

The Attorney General through the Bureau of Prisons, rather than the sentencing court, is authorized to compute the award of credit under § 3585(b).  United States v. Williams, 425 F.3d 987, 990 (11th Cir. 2005) (citation omitted).

> As a result, "a federal prisoner dissatisfied with computation of his sentence must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence." *United States v. Flanagan*, 868 F.2d 1544, 1546 (11th Cir. 1989) (interpreting § 3585(b)'s predecessor, § 3568).  "A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies."  *United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir.2000).  "Exhaustion of administrative remedies is jurisdictional." *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir.1992) (addressing denial of a § 2241 petition).

425 F.3d at 990 (dismissing the unexhausted issue as not ripe for judicial review).

There is no indication that Defendant has exhausted administrative remedies. Even if he exhausted remedies, a 28 U.S.C. § 2241 habeas corpus petition should be filed in the district of confinement.  See Rumsfeld v. Padilla, 542 U.S. 426, 443, 124

S.Ct. 2711, 2722, 159 L.Ed.2d 513 (2004).  Defendant is not currently confined in this district.  He is incarcerated at the Federal Correctional Institution in Ray Brook, New York, located in the Northern District of New York.  The address of the main office of that court, should Defendant wish to file a § 2241 petition after exhausting his administrative remedies, is P.O. Box 7367, Syracuse, NY, 13261.

It is therefore respectfully **RECOMMENDED** that Defendant's letter (doc. 86), treated as a request for jail credit, be **SUMMARILY DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on April 8, 2008.

 S/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.